# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VILLA,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:11-cv-00876-SKO PC<br><br>SCREENING ORDER DISMISSING CLAIMS AGAINST DEFENDANTS STEADMAN AND GONZALES FOR FAILURE TO STATE A CLAIM, AND TRANSFERRING ACTION TO SOUTHERN DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

## I. Screening Requirement and Standard

Plaintiff Robert Villa, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.

1  2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,
2  legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

3       Under section 1983, Plaintiff must demonstrate that each defendant personally participated
4  in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th
5  Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim
6  for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
7  2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal,
8  129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

9  **II.    Discussion**

10      Plaintiff's claims arise out of his validation as a gang associate, allegedly in retaliation
11 against him for filing a grievance and for assisting other inmates with filing grievances.  Plaintiff was
12 incarcerated at Centinela State Prison during the operative events.  Following Plaintiff's validation
13 and the assessment of a Security Housing Unit (SHU) term, he was transferred to the California
14 Correctional Institution (CCI) on May 21, 2010, where he remains incarcerated.

15      To the extent that Plaintiff has stated any cognizable claims for relief arising out of his gang
16 validation, the events occurred almost exclusively at Centinela State Prison.  Venue for claims
17 arising out of events at Centinela State Prison is proper in the United States District Court for the
18 Southern District of California.  While venue for claims which accrued at CCI is proper in this
19 division, only two defendants named in the complaint worked at CCI, and Plaintiff has not alleged
20 facts sufficient to give rise to a plausible claim for relief against either of those defendants.

21      Defendant Steadman, who is or was a Chief Deputy Warden at CCI, allegedly violated
22 Plaintiff's right to due process on June 24, 2010.  Defendant Steadman was the chairperson of the
23 committee conducting Plaintiff's initial SHU review hearing following his transfer to CCI.  Plaintiff
24 complained to the committee that he had been wrongfully validated and he was being retained
25 without a 114-D form.  Defendant said he was aware of the issue but to "602 it."  (Comp., ¶73.)
26 These facts do not support a plausible claim for relief under section 1983, Iqbal, 129 S.Ct. at 1949-
27 50; see also Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005) (to state a due process
28 claim, the plaintiff must first identify the existence of a protected liberty interest); Bruce v. Ylst, 351

F.3d 1283, 1287 (9th Cir. 2003) (regarding gang validation issues, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review), and to the extent that Plaintiff believes staff at CCI violated his constitutional rights separately following his transfer to CCI, those claims are not properly joined with the claims arising out of his validation at Centinela State Prison, Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may file a separate suit challenging his current conditions of confinement at CCI, but he may not litigate unrelated claims against unrelated parties in this suit.

Regarding Defendant Gonzales, who was the Warden at CCI, Plaintiff alleges that Defendant was involved in transferring Plaintiff to CCI in retaliation against him for filing a grievance.[1] There are no factual allegations supporting Plaintiff's bare assertion that Defendant Gonzales was personally involved in transferring him from Centinela State Prison to CCI for retaliatory reasons. Iqbal, 129 S.Ct. at 1949-50. Given that Plaintiff was validated, assessed a SHU term, and transferred from Centinela State Prison, allegedly in retaliation for a grievance he filed while at Centinela, it is unclear how the warden of the receiving institution hundreds of miles away could have been personally involved in those actions, but assuming that Plaintiff may be able to allege additional facts sufficient to state a claim against Defendant Gonzales, a substantial part of the events nonetheless occurred at Centinela State Prison.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte). Retaining the action in a division in which one defendant was located at one time and against whom a claim does not currently lie is not convenient for the other

---

[1] The current Acting Warden of CCI is Michael Stainer. The Court is unaware if or where Defendant Gonzales is currently employed

3

defendants or the potential witnesses and it is not in the interest of justice.[2] This action should have been filed in the Southern District of California, where the operative events occurred, and the Court shall therefore order it transferred.

### III. Order

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's claims against Defendants Steadman and Gonzales are dismissed, without prejudice, for failure to state a claim under section 1983; and

2. This action is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:   October 17, 2011              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Given that Plaintiff had been validated and assessed a SHU term prior to his transfer to CCI, the Court can discern no grounds for a viable due process claim against Defendant Steadman, Wilkinson, 545 U.S. at 221; Bruce, 351 F.3d at 1287, leaving only Defendant Gonzales against whom a claim might be stated, although even that is speculative at best at this juncture, Twombly, 550 U.S. at 555; Doe I, 572 F.3d at 681.