UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VILLA,<br><br>        Plaintiff,<br><br>v.<br><br>J.S. HILL, et al.,<br><br>        Defendants. | Case No. 11CV2426-GPC(JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION [DOC. NO. 54]** |

On February 13, 2013, Plaintiff Robert Villa, who is proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a), filed an Ex Parte Application for an Order Extending Time to Retain an Expert to Call For Trial and Motion for Court Appointment of Expert. [Doc. No. 54.] The current deadline for Plaintiff to serve on all parties a list of experts he expects to call at trial is February 1, 2013. Plaintiff requests the deadline be continued because he is awaiting a response from Dennis M. Baumann, who is described as a Gang and Prison Procedures expert, as to whether Mr. Baumann can be retained by Plaintiff with respect to this case. *Id.*

With good cause appearing, the Court hereby GRANTS Plaintiff's ex parte application with respect to the request for a continuance. The

deadline for Plaintiff to serve a list of experts he expects to call at trial is continued to **March 22, 2013**.  The deadline for the exchange of supplemental expert designations is also continued and reset for **April 19, 2013**.

Plaintiff also requests the Court appoint an expert in this case. Federal Rules of Evidence 706(a) authorizes a court to appoint an expert on its own motion or on the motion of any party. When the Court appoints an expert, the cost is apportioned between the parties.  Fed. R. Evid. 706(c)(2).

Plaintiff contends the appointment of medical experts is necessary "so Plaintiff's trial won't be biased and one sided." [Doc. No. 54, p. 1.] This, however, is not an adequate basis for appointment under Rule 706(a). The role of a court appointed expert is to serve as an independent neutral advisor in order to enlighten the Court and the jury on issues that are excessively complex or confusing.  Plaintiff has not shown a need exists for such an expert, and the issues in this case are not sufficiently complex as to necessitate the appointment of a court expert.

Plaintiff's intended use of the requested expert witness appears to be more consistent with the typical usage of witnesses testifying pursuant to Rules 702 - 705, which permit parties to proffer qualified expert testimony in support of their claims or defenses.  While the Court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the Court the authority to appoint expert witnesses on behalf of a party.  28 U.S.C.A. § 1915*; See also Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995). As a general matter, IFP litigants must hire their own experts. Plaintiff's ex parte application,

/ /
/ /

1 therefore, is DENIED with respect to his request for the Court to appoint an
2 expert witness in this case.
3 **IT IS SO ORDERED**.
4 DATED:  March 13, 2013

_____
Jan M. Adler
U.S. Magistrate Judge